IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Barbara Code, | ) | C/A No.: 3:11-2935-CMC-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Allen University, | ) ) ) | |
| Defendant. | ) ) | |

In this employment discrimination case, plaintiff Barbara Code ("Plaintiff") sues her former employer Allen University ("Defendant") alleging discrimination, harassment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").[1]

This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #6]. Plaintiff filed a response to the motion [Entry #11], and Defendant filed a reply. [Entry #16]. This motion to dismiss having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned

---

[1] Although the complaint indicates Plaintiff is pursuing her causes of action under Title VII, "the South Carolina Human Affairs Law, and the Equal Employment Opportunity Act," [Entry #1 at ¶ 26], she stated in her response brief that all claims were brought under Title VII. [Entry #11 at 1].

recommends the district court grant Defendant's motion to dismiss without prejudice and with leave to file an amended complaint within 15 days of the district court's order on Defendant's motion.

I.  Factual and Procedural Background

The entirety of Plaintiff's factual allegations set forth in her complaint is as follows:

> ELEVEN:  In January of 2001 the Plaintiff began working for the Defendant as an adjunct professor.  The plaintiff became an associate professor in March of 2004.
>
> TWELVE:  On or about May 1, 2010, the Plaintiff was denied equal wages when compared to male employees with less seniority and experience as the Plaintiff.
>
> THIRTEEN:  Plaintiff is also aware of similarly situated white, male employees that were treated better, not subjected to harassment and with less experience and education than the Plaintiff.
>
> FOURTEEN:  During her employment, Plaintiff's supervisor, Dr. Akindahunsi (Black/Male/African) threatened her and made negative references to "American Women" and referred to her as an "evil black woman."  Dr. Akindahunsi further harassed and badgered Plaintiff about discussing her relationship with him to her peers.  This treatment was reported to management but to no avail.
>
> FIFTEEN:  The Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission on or about October 14, 2010.
>
> SIXTEEN:  The Plaintiff was terminated from her employment on or about May 10, 2011.

[Entry # 1 at 2].

Based on these factual allegations, Plaintiff claims harassment/discrimination based on gender, race, and national origin and also makes a claim for retaliatory discharge.  Plaintiff alleges that "due to the acts of the Defendant" set forth above, she

"suffered great emotional and mental distress, terror, fright, revulsion, humiliation, embarrassment, shock, and indignities, lost wages, loss of front pay, back pay, and other work benefits." *Id.* at ¶ 37.

II. Discussion

   A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

   B. Analysis

Plaintiff's complaint alleges four causes of action: (1) discrimination/harassment based on gender, (2) discrimination/harassment based on race, (3) discrimination/harassment based on national origin, and (4) retaliatory discharge. [Entry #1 at 3–4]. Because the elements of proving a Title VII discrimination claim based on gender, race, and national origin are identical, and the same is true for a Title VII harassment claim, the undersigned reads Plaintiff's complaint as alleging : (1) a Title VII

discrimination claim, (2) a Title VII harassment claim, and (3) a retaliatory discharge claim.

1. Discrimination Claim

Plaintiff claims she was discriminated against on the basis of gender, race, and national origin. [Entry #1 at 3]. Plaintiff alleges she "was denied equal wages when compared to male employees with less seniority and experience" and "is also aware of similarly situated white, male employees that were treated better, not subjected to harassment and with less experience and education than the Plaintiff." [Entry #1 at ¶¶ 12, 13]. Defendant argues these allegations do not satisfy the pleading standard articulated in *Iqbal* and *Twombly*. [Entry #6 at 4].

To establish a prima facie case of gender, race, or national origin discrimination under Title VII, a plaintiff must prove: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). The employer may then rebut the prima facie case by showing that there was a legitimate non-discriminatory reason for the adverse action, after which the burden shifts back to the plaintiff to show that those reasons are pretextual. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).

Assuming without deciding that Plaintiff has proven the first three elements of a prima facie case,[2] Plaintiff fails to adequately plead the final element. Under Fed. R. Civ.

---

[2] The undersigned notes that Plaintiff made no allegations supporting her claim of national origin discrimination and appears to concede this in her response brief, in which she states, "the Plaintiff has identified herself as a member of two protected classes

4

P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's allegations do not provide sufficient facts to infer more than the mere possibility of misconduct. Plaintiff has not provided any details regarding her allegations— including the males who were paid more, the positions they held, whether seniority and experience are considered by Allen in setting salaries, or in what ways whites or males were "treated better." If Defendant paid whites or males more or treated whites or males better, Plaintiff should be able to provide factual allegations to support her claims. *See Barcliff v. N.C. League of Municipalities*, No. 5:10-244, 2011 WL 285559, at *3–4 (E.D.N.C. Jan. 25, 2011) (dismissing claims of discriminatory failure to train and promote where plaintiff failed to allege critical details such as what precise training opportunity or promotion was denied, when they were denied, and who the comparators were). The minimal allegations set forth by Plaintiff are simply a "formulaic recitation of the elements" and are not sufficient to establish a prima face case of

---

[gender and race] and has alleged disparate treatment when compared to individuals outside of those protected classes." [Entry #11 at 3].

discrimination. *Iqbal*, at 1949. For this reason, the undersigned recommends granting Defendant's motion to dismiss Plaintiff's discrimination claim.

2. Harassment Claim

Plaintiff alleges she was harassed based on her gender, race, and national origin. In support of this claim, she sets forth the following factual allegations:

> During her employment, Plaintiff's supervisor, Dr. Akindahunsi (Black/Male/African) threatened her and made negative references to "American Women" and referred to her as an "evil black woman." Dr. Akindahunsi further harassed and badgered Plaintiff about discussing her relationship with him to her peers.

[Entry #1 at ¶ 14]. Defendant seeks dismissal of Plaintiff's harassment claim, arguing it is based on conclusory statements and stray, isolated comments. [Entry #6 at 6].

To establish a prima face showing of harassment or hostile work environment under Title VII, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was because of her [gender, race, or national origin], (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer.'" *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)).

Establishing the third element requires that Plaintiff show that the work environment was not only subjectively hostile, but also objectively so. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Such proof depends upon the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "[C]omplaints premised on nothing more than 'rude treatment by [coworkers],' *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), 'callous behavior by [one's] superiors,' *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), or 'a routine difference of opinion and personality conflict with [one's] supervisor,' *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000), are not actionable under Title VII." *Id.* at 315–16. "'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

The conduct alleged by Plaintiff does not rise to the level of an actionable claim for hostile work environment under Title VII. Specifically, Plaintiff cannot show that the alleged conduct was sufficiently severe and pervasive to alter the terms and conditions of her employment. Rather, the allegations are conclusory in nature or, in the case of the specific comments alleged, demonstrate callous behavior or isolated incidents insufficient to amount to a change in the terms and conditions of Plaintiff's employment. *Id.* Consequently, the undersigned recommends granting Defendant's motion to dismiss Plaintiff's harassment claim.

### 3. Retaliation Claim

To state a prima facie case of Title VII retaliation, Plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action at the

hands of her employer; and (3) that there existed a causal connection between the protected activity and the adverse action. *Rhoads v. FDIC*, 257 F.3d 373 (4th Cir. 2001); *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536 (4th Cir. 2003). Once a plaintiff establishes a prima facie case, "[t]he employer then has the burden to rebut the presumption of retaliation by articulating a legitimate, non-discriminatory reason for its actions." *Rhoads*, 257 F.3d at 392. If the employer does so, the plaintiff must demonstrate that the proffered reason is a pretext for forbidden retaliation. *Id.*

In support of her retaliatory discharge claim, Plaintiff has alleged that she "filed a charge of discrimination with the South Carolina Human Affairs Commission on or about October 14, 2010" and that she was subsequently "terminated from her employment on or about May 10, 2011." [Entry #1 at ¶¶ 15–16]. These allegations satisfy the first two elements of a prima facie case of retaliation. At issue is whether Plaintiff has sufficiently pled a causal connection between the protected activity and the adverse action. Defendant argues that Plaintiff has pled no facts other than temporal proximity to support an inference that the filing of the charge and the termination were causally related. [Entry #6 at 7]. Defendant further argues that the seven months that passed between the two events is too long to raise an inference of retaliation. *Id.*

The Supreme Court has noted, "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (citing *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253

(10th Cir. 2001)). The *Breeden* Court cited with approval circuit court cases holding that temporal proximity of three months and four months insufficient to establish causality. *Id.* at 273–74 (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three-month period insufficient); *Hughes v. Deriwnski*, 967 F.2d 1168, 1174–75 (7th Cir. 1992) (four-month period insufficient)). The Fourth Circuit has likewise held that where three to four months have passed between the protected activity and the adverse employment action, temporal proximity alone is insufficient to establish the requisite causal link. *Shields v. Fed. Ex. Corp.*, 120 Fed. Appx. 956, 963 (4th Cir. 2005); *see also Pascual v. Lowe's Home Ctrs., Inc.*, 193 Fed. Appx. 229, 233 (4th Cir. 2006) (holding that three to four months between the termination and protected activities is too long to establish a causal connection by temporal proximity alone); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001) ("A six month lag is sufficient to negate any inference of causation."). In light of the foregoing, the undersigned finds that Plaintiff's filing of the charge and her termination were not sufficiently close in time to raise an inference of retaliation.

Plaintiff appears to concede this issue in her response brief, in which she states, "[t]emporal proximity of the filing of the charge to the termination by itself might pose an <u>Iqbal</u> issue." [Entry #11 at 5]. She contends, however, that causation is also supported by her allegation "that she had reason to believe that her termination was because of her filing the charge" and goes on to argue that "because it must be accepted as true, the allegation shows a violation that is actually probable." *Id.* at 4–5. Plaintiff's belief that she was terminated because she filed the charge does not and cannot establish

causation. "While [Plaintiff] may feel that [Defendant's] actions were discriminatory a subjective belief that one has been discriminated against, no matter how fervent, cannot be the sole basis of judicial relief." *Harrell v. Hutson*, No. 93-2514, 1994 WL 388023, at *3 (4th Cir. July 27, 1994); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"); *House v. New Castle County*, 824 F.Supp. 477, 485 (D. Md. 1993) (plaintiff's conclusory allegations insufficient to maintain claim).

In further support of her retaliation claim, Plaintiff argues that Defendant did not terminate her immediately after she filed the charge because she was not an at-will employee. [Entry #11 at 5]. "Although not set forth in the Complaint it will be revealed during discovery that the Plaintiff had a contract with the Defendant that had to be honored." *Id.* The alleged contract was neither attached to nor referenced in Plaintiff's complaint; thus, it may not be considered in ruling on Defendant's motion to dismiss. *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).[3]

Finally, Plaintiff cites to one case from the Western District of North Carolina that she contends is analogous to the facts in this case. In *Matthews v. Novant Health, Inc.*, 3:9-494, 2010 WL 2131559 (W.D.N.C. Apr. 29, 2010), the plaintiff was partially denied leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq. Id.* at *2. She was terminated less than three months later. *Id.* The undersigned finds the time

---

[3] The undersigned notes that the contract between the parties provides, "**THE EMPLOYMENT IS AT WILL AND AT THE DISCRETION OF THE UNIVERSITY.**" [Entry #16-2 at 2].

between the plaintiff's complaint and her termination in *Matthews* to be significantly different than the seven months at issue in this case and, therefore, finds the case Plaintiff relies on to be inapposite.

The undersigned finds that Plaintiff has failed to establish the requisite causal connection between her protected activity and her termination to support a claim for retaliation under Title VII. For that reason, the undersigned recommends granting Defendant's motion to dismiss Plaintiff's retaliatory discharge claim.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [Entry #6] be granted. However, Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of Plaintiff's claims be without prejudice with leave to file an amended complaint within 15 days of the district court's order on Defendant's motion to dismiss. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). If Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 5, 2012                              Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).