IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BARBARA CODE, ) | C/A No. 3:11-2935-CMC-SHV |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ALLEN UNIVERSITY, ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff, Barbara Code ("Code"), seeks recovery from her former employer, Allen University, ("Allen"), for alleged sex, race, and national-origin discrimination and harassment. Code also alleges retaliation for reporting or complaining about the discrimination and harassment. All of her claims are asserted under the Civil Rights Act of 1964, (Title VII).

The matter is before the court on Allen's motion to dismiss. For the reasons set forth below, this motion is granted and the action is dismissed for failure to satisfy the relevant pleading standards. Dismissal is without prejudice and Code shall be allowed fifteen days from entry of this order to file an amended complaint.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 5, 2012, the Magistrate Judge issued a Report recommending that Allen's motion to dismiss be granted but that the dismissal be without prejudice. Dkt. No. 18.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Code filed a timely

objection on March 29, 2012, objecting to the extent the Report recommended dismissal but agreeing that any dismissal should be without prejudice. Dkt. No. 22.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

For reasons fully explained in the Report, Code's allegations fail to satisfy the relevant pleading standards because she fails to allege sufficient facts to give rise to reasonable inferences of discrimination, harassment, or retaliation. In her objection, Code argues that her allegations are sufficient because they "are not threadbare recitals of elements or baseless conclusions."

The court disagrees. While Code has included some factual allegations they are, for reasons explained in the Report, insufficient to give rise to factual inferences sufficient to support any of her claims.

2

## CONCLUSION

For the reasons set forth above, the court adopts and incorporates the Report. The court grants Allen's motion to dismiss. Dismissal is, however, without prejudice and Code shall be allowed fifteen days from entry of this order to file an amended complaint curing the deficiencies noted in the Report. In the event Code files an amended complaint within the period allowed, the matter will automatically be remanded to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                    s/ Cameron McGowan Currie
                    CAMERON MCGOWAN CURRIE
                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 3, 2012